26 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John WYSE, Petitioner-Appellant,
v.
George INGLE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 93-56016.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner John Wyse appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition challenging his conviction for first degree murder with a weapons use enhancement. Wyse contends that the trial court's admission of an informant's unsworn statement as a prior inconsistent statement to impeach the informant's testimony violated his Fourth and Sixth Amendment rights. We review allegations of confrontation clause violations for harmless error. United States v. Bernard S., 795 F.2d 749, 756 (9th Cir.1986). We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 Pursuant to California Evidence Code Sec. 1235, prior statements of a witness, which are inconsistent with the witness's testimony at trial, are not hearsay and are admissible at trial. In upholding this provision the United States Supreme Court noted that the "Confrontation Clause is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full cross-examination." California v. Green, 399 U.S. 149, 158 (1970). "Neither the Confrontation Clause nor Federal Rule of Evidence 802 is violated by admission of an identification statement of a witness who is unable, because of a memory loss, to testify concerning the basis for the identification." United States v. Owens, 484 U.S. 554, 564 (1988). The admission of a witness's prior inconsistent statement will constitute a due process violation only where a "reliable evidentiary basis is totally lacking." California v. Green, 399 U.S. at 163 n. 15.
 
 
 4
 Wyse contends that the state trial court violated his rights to confrontation and to due process when it admitted into evidence a witness's prior inconsistent statements.[1] Specifically, a fellow jail inmate, John Mashmayer, testified at Wyse's trial that he did not remember ever talking to Wyse. The trial court permitted the introduction of testimony of Mashmayer's prior inconsistent statements in which Mashmayer related that Wyse confessed to committing the murder. Mashmayer's lack of memory concerning Wyse may have precluded Wyse's successful cross-examination of the witness but it does not rise to the level of a Confrontation Clause violation. See Owens, 484 U.S. at 560. Furthermore, Mashmayer was available for questioning during cross-examination and there was evidence, such as police statements and testimony, supporting Mashmayer's out-of-court statements. Therefore, there was no due process violation. See Green, 399 U.S. at 163 n. 15.[2] Wyse has failed to establish a violation of his constitutional rights and the district court did not err in denying his habeas petition.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wyse concedes on appeal that his Fourth Amendment claim is not cognizable in his federal habeas proceeding pursuant to Stone v. Powell, 428 U.S. 465, 481-82 (1976)
 
 
 [2]
 Wyse's request for an evidentiary hearing before the district court is without merit, where as here, there were no disputed factual issues before the district court. See Hendricks v. Vasquez, 974 F.2d 1099, 1103 (9th Cir.1992)